BENEDICT O'MAHONEY (Bar No.152447)
TERRA LAW LLP
177 Park Avenue, Third Floor
San Jose, California 95113
Telephone: 408-299-1200
Facsimile: 408-998-4895
Email: bomahoney@terralaw.com

JONATHAN T. SUDER (*Pro Hac Vice To Be Filed*)
CORBY R. VOWELL (*Pro Hac Vice To Be Filed*)
TODD I. BLUMENFELD (*Pro Hac Vice To Be Filed*)
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Telephone: (817) 334-0400
Facsimile: (817) 334-0401
Email: jts@fsclaw.com
Email: vowell@fsclaw.com
Email: blumenfeld@fsclaw.com

Attorneys for Plaintiff
SOFTVAULT SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SOFTVAULT SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TANGOE, INC., <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT FOR INFRINGEMENT OF** <br> **U.S. PATENT NOS. 6,249,868 AND 6,594,765** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff SOFTVAULT SYSTEMS, INC. files its Complaint against Defendant TANGOE, INC., alleging as follows:

### THE PARTIES

1. Plaintiff SOFTVAULT SYSTEMS, INC. ("SoftVault") is a corporation organized and existing under the laws of the State of Washington with its principle place of business in the State of Washington.

2. Upon information and belief TANGOE, INC. ("TANGOE") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Orange, Connecticut.  TANGOE may be served with process through its registered agent, CT Corporation System at 818 West Seventh Street, 2nd Floor, Los Angeles, CA 90017.

### JURISDICTION AND VENUE

3. This is an action for infringement of United States patents.  This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

4. Upon information and belief, TANGOE is subject to personal jurisdiction by this Court.  TANGOE has committed such purposeful acts and/or transactions in the State of California that it reasonably knew and/or expected that it could be hailed into a California court as a future consequence of such activity.  TANGOE makes, uses, and/or sells infringing products within the Northern District of California and has a continuing presence and the requisite minimum contacts with the Northern District of California, such that this venue is a fair and reasonable one.  Upon information and belief, TANGOE has transacted and, at the time of the filing of this Complaint, is continuing to transact business within the Northern District of California.  For all of these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), (2) and (c)(2) and 28 U.S.C. § 1400(b).

### PATENTS-IN-SUIT

5. On June 19, 2001, United States Patent No. 6,249,868 BI ("the '868 Patent") was duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED,

---
COMPLAINT FOR INFRINGEMENT OF PATENT

1 COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX
2 SYSTEMS." A true and correct copy of the '868 Patent is attached hereto as Exhibit A and
3 made a part hereof.
4     6. On July 15, 2003, United States Patent No. 6,594,765 B2 ("the '765 Patent") was
5 duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED,
6 COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX
7 SYSTEMS." A true and correct copy of the '765 Patent is attached hereto as Exhibit B and
8 made a part hereof.
9     7. The '868 Patent and the '765 Patent are sometimes referred to herein collectively
10 as "the Patents-in-Suit."
11     8. As it pertains to this lawsuit, the Patents-in-Suit, very generally speaking, relate to
12 a method and system of protecting electronic, mechanical, and electromechanical devices and
13 systems, such as for example a computer system, and their components and software from
14 unauthorized use. Specifically, certain claims of the '868 and '765 Patents disclose the
15 utilization of embedded agents within system components to allow for the enablement or
16 disablement of the system component in which the agent is embedded. The invention disclosed
17 in the Patents-in-Suit discloses a server that communicates with the embedded agent through the
18 use of one or more handshake operations to authorize the embedded agent. When the embedded
19 agent is authorized by the server, it enables the device or component, and when not authorized
20 the embedded agent disables the device or component.
21 **<u>FIRST CLAIM FOR RELIEF</u>**
22                             **(Patent Infringement)**
23     9. SoftVault repeats and realleges every allegation set forth above.
24     10. SoftVault is the owner of the Patents-in-Suit with the exclusive right to enforce
25 the Patents-in-Suit against infringers, and collect damages for all relevant times, including the
26 right to prosecute this action.
27     11. Upon information and belief, TANGOE is liable under 35 U.S.C. §271(a) for
28 direct infringement of the Patents-in-Suit because it manufactures, makes, has made, uses,

1 practices, imports, provides, supplies, distributes, sells, and/or offers for sale products and/or
2 systems that practice one or more claims of the Patents-in-Suit.

3     12. More specifically, TANGOE infringes the Patents-in-Suit because it makes, uses,
4 sells, and offers for sale products and systems which prevent unauthorized use of a computer
5 system through the ability to enable or disable the operation of a device's components utilizing
6 an authorization process performed by an embedded agent in the component device and a server.
7 By way of example only, TANGOE's Mobile Device Management Software, sold individually
8 and also part of its MatrixMobile Solution, at a minimum, in the past directly infringed and
9 continues to directly infringe at least claims 1 and 44 of the '868 Patent, as well as at least claim
10 9 of the '765 Patent.

11     13. TANGOE's Mobile Device Management (MDM) Software includes the
12 capability to enable or disable a mobile device, such as a tablet or smart phone, to prevent misuse
13 of the system. The TANGOE MDM software includes an agent (the "MDM client application")
14 that is installed and embedded within a mobile device and communicates with a TANGOE server
15 (the "MDM Server").  This communication includes a series of message exchanges,
16 memorialized by authentication certificates, constituting a handshake operation between the
17 MDM Server and the MDM client application. Through these exchanges the server and the
18 embedded agent mutually authenticate one another, resulting in the authorization of a device in
19 which the MDM client application is embedded. When the agent is authorized by the server, the
20 mobile device operates normally and when the agent is not authorized, the mobile device is
21 remotely locked, wiped, and/or disabled.

22     14. TANGOE has actual notice of the Patents-in-Suit at least as early as the filing of
23 this Complaint.

24     15. SoftVault has been damaged as a result of TANGOE's infringing conduct.
25 TANGOE is, thus, liable to SoftVault in an amount that adequately compensates SoftVault for
26 TANGOE's infringement, which, by law, cannot be less than a reasonable royalty, together with
27 interest and costs as fixed by this Court under 35 U.S.C. § 284.

28

---

COMPLAINT FOR INFRINGEMENT OF PATENT

**PRAYER FOR RELIEF**

SoftVault requests that the Court find in its favor and against TANGOE, and that the Court grant SoftVault the following relief:

a. Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by TANGOE;

b. Judgment that TANGOE account for and pay to SoftVault all damages to and costs incurred by SoftVault because of TANGOE's infringing activities and other conduct complained of herein;

c. That TANGOE, its officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of the Patents-in-Suit.  In the alternative, if the Court finds that an injunction is not warranted, SoftVault requests an award of post judgment royalty to compensate for future infringement;

d. That SoftVault be granted pre-judgment and post-judgment interest on the damages caused to it by reason of TANGOE's infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award SoftVault its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f. That SoftVault be granted such other and further relief as the Court may deem just and proper under the circumstances.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

---

| | | |
|---|---|---|
| 1 | DATED: July 16, 2014. | /s/ Benedict O'Mahoney |
| 2 | | Benedict O'Mahoney |
| 3 | | (Bar No.152447) TERRA LAW |
| 4 | | 177 Park Avenue, Third Floor San Jose, California 95113 |
| 5 | | Telephone:  408-299-1200 Facsimile:  408-998-4895 |
| 6 | | Email:  bomahoney@terralaw.com |
| 7 | | Attorney for Plaintiff SOFTVAULT SYSTEMS, INC. |
| 8 | | Of Counsel: |
| 9 | | Jonathan T. Suder |
| 10 | | Corby R. Vowell Todd Blumenfeld |
| 11 | |   FRIEDMAN, SUDER & COOKE Tindall Square Warehouse No. 1 |
| 12 | | 604 East 4th Street, Suite 200 Fort Worth, Texas  76102 |
| 13 | | Telephone:  (817) 334-0400 Facsimile:  (817) 334-0401 |
| 14 | | Email:  jts@fsclaw.com Email:  blumenfeld@fsclaw.com Email:  vowell@fsclaw.com |
| 15 | | |
| 16 | | |
| 17 | | 4846-8946-3068, v.  1 |

_____
COMPLAINT FOR INFRINGEMENT OF PATENT